IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| MARY BEARDEN, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 5:06cv0037 SWW |
| | * | |
| | * | |
| INTERNATIONAL PAPER COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

This is a case of alleged employment discrimination in which the plaintiff, Mary Bearden, alleges age and sex discrimination, including wrongful discharge, and violation of the Equal Pay Act. Plaintiff also asserts a state law claim of defamation of character. The matter is before the Court on motion of the plaintiff to compel discovery and for a telephone hearing [doc.#15]. Defendant has responded in opposition to plaintiff's motion.

Because the issues in plaintiff's motion to compel are capable of resolution without the necessity of a hearing, the Court decides plaintiff's motion on the pleadings. In addition, defendant states in response to plaintiff's motion to compel that it has since provided a number of the documents sought by plaintiff in her motion. Accordingly, with a portion of plaintiff's motion to compel now being moot, this Order addresses only those matters defendant states it has not provided since the filing of plaintiff's motion to compel, namely, (1) personnel files of Sarah Pates, Carolyn Wright, Robert Traweek, James Curtis, John Smith, and Dwight Hedden; and (2) pay histories of Robert Traweek, Carolyn Wright, and Sarah Pates.

Plaintiff argues the personnel files of these employees are relevant to her wrongful discharge claim and that the pay histories of Traweek, Wright, and Pates are relevant to her

Equal Pay Act claim. Defendant, in turn, argues that the personnel files and payroll information of these employees are not subject to discovery as plaintiff has no basis on which to compare herself to these employees and, thus, these employees are not proper comparators. Defendant argues, for example, that Wright and Pates are females and, thus, their pay history is not relevant to plaintiff's Equal Pay Act case as she also is a female. But such information may lead to admissible evidence concerning the general rates of pay of women versus men for equal work in jobs requiring equal skill, effort, and responsibility and work performed under similar conditions. In any case, the rules for discovery "are to be accorded a broad and liberal treatment," *Credit Lyonnais, S.A. v. SGC International, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and this Court finds that defendant's argument regarding these individuals not being proper comparators is more proper for summary judgment and/or trial.[1]

     IT IS THEREFORE ORDERED that plaintiff's motion to compel discovery [doc.#15] be and it hereby is granted and that within ten (10) days of the date of entry of this Order, defendant provide to plaintiff (1) the personnel files of Sarah Pates, Carolyn Wright, Robert Traweek, James Curtis, John Smith, and Dwight Hedden; and (2) the pay histories of Robert Traweek, Carolyn Wright, and Sarah Pates.

     Dated this 18th day of August, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Any concerns defendant may have about disclosure of personnel information can, as noted by plaintiff, be cured by a proposed protective order, which plaintiff has provided to defendant and which may be submitted to this Court for consideration.