IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| MARY BEARDEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 5:06cv0037 SWW |
| | * | |
| | * | |
| | * | |
| INTERNATIONAL PAPER COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

This is a case of alleged employment discrimination in which the plaintiff, Mary Bearden, alleges age and sex discrimination, including wrongful discharge, and violation of the Equal Pay Act. Plaintiff also asserts a state law claim of defamation of character. Plaintiff was terminated from her employment with International Paper Company ("IP") after she purchased, in her capacity as Purchasing Supervisor for IP, a bicycle which was used by her husband in his work for IP as a maintenance mechanic. IP claims the purchase was unauthorized.

The matter is before the Court on motion of the plaintiff for joinder and for leave to amend [doc.#27]. Plaintiff seeks to join as a party Calvin Staudt, the terminating official and Plant Manager at IP's Pine Bluff, Arkansas Mill, and add a claim for defamation of character against Staudt individually (in addition to the defamation of character claim already pending against IP) based on the deposition testimony of Kenneth Baymiller, the Mill Controller. Plaintiff alleges that Baymiller testified in his deposition that Staudt told him that plaintiff's conduct was dishonest and was an act of stealing from him and the company. Plaintiff argues she was not dishonest and did not steal and yet Staudt "published before a third party that [she]

had been dishonest and had stolen [from] both him and the defendant." IP has responded in opposition to plaintiff's motion, arguing that plaintiff cannot maintain a defamation claim against Staudt because Staudt's communications with Baymiller were qualifiedly privileged as the communications concerned the reasons for the termination of an employee who was responsible for making purchases using the Mill's financial resources. Plaintiff has filed a reply to IP's response, arguing that whether Staudt's communications with Baymiller are in fact privileged is a question for the jury and that since discovery is ongoing, it cannot be fairly concluded that amendment would be futile.

A statement that is otherwise qualifiedly privileged may lose that status under certain circumstances, such as excessive or malicious publication. *Farris v. Tvedten*, 274 Ark. 185, 186 (1981). Whether a statement falls outside the scope of qualified privilege is a question of fact for the jury. *See Wal-Mart Stores, Inc. v. Lee*, 348 Ark. 707, 735 (2002).[1]

This Court has considered the matter and will deny plaintiff's motion for joinder and to amend. First, the Court agrees with IP that Baymiller did not specifically testify – at least based on the deposition excerpts presented to this Court – that Staudt said that plaintiff was dishonest. Rather, in his deposition, Baymiller testified that Staudt "talked to his disappointment" in plaintiff's actions, and that "[h]e felt like he was – it was act of stealing from him and the company." It is unclear from this testimony whether Staudt actually stated that plaintiff's conduct was an act of stealing or whether Baymiller is describing his view of how Staudt felt. Indeed, Baymiller stated he could not recall whether Staudt said that plaintiff had been dishonest or had lied, and he could not recall whether Staudt said that plaintiff had been stealing or had

---

[1] However, the existence of a qualified privilege is a question of law. *See Minor v. Failla*, 329 Ark. 274 (1997), *overruled on other grounds, United Ins. Co. of America v. Murphy*, 331 Ark. 364 (1997).

stolen from the company, or whether Staudt had mentioned to plaintiff that other individuals had disobeyed him and that he was tired of people disobeying him.

In any case, Arkansas law recognizes a qualified privilege for employers and supervisory employees dealing with matters that affect their business, *see Freeman v. Bechtel Const. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996), and Staudt's communication with Baymiller clearly would fall within the scope of this privilege.[2]  As plaintiff has failed to identify any non-privileged persons to whom the alleged defamatory statements were made, amendment would be futile. *See id*. (dismissal for failure to state a claim appropriate where complaint, among other things, failed to identify the non-privileged persons to whom alleged defamatory statements were made).[3]

IT IS THEREFORE ORDERED that the motion of the plaintiff for joinder and for leave to amend [doc.#27] be and it hereby is denied.

Dated this 21st day of November 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does dispute IP's assertion that as Mill Controller, Baymiller had an interest in the decision to terminate an employee that he ultimately supervised.

[3] In her proposed second amended complaint, plaintiff does state, as she did in her original and first amended complaints filed in February 2006, that "[s]ince her discharge, [she] has been approached by former co-workers who have mentioned she was discharged for being dishonest." Second Am. Compl. at ¶ 6(C). This vague assertion, however, does not suffice to allege publication by Staudt (as opposed to Baymiller or other individuals) to a non-privileged third party. *See Freeman*, 87 F.3d at 1031-32 (claim that allegations of sexual harassment were "orally published around the whole job site and the town of Russellville" did not suffice to identify the manner of oral publication and did not allege that defendant (that is, an agent of defendant acting within the scope of that agency) published the statements to a non-privileged recipient). *Cf. Pighee v. L'Oreal USA, Inc*., 351 F.Supp.2d 885, 895 (E.D.Ark. 2005) (no communication to a non-privileged third party established for purposes of summary judgment based on the fact that "people on the floor" of the facility knew about allegations of sexual harassment).