IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| MARY BEARDEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 5:06cv0037 SWW |
| | * | |
| | * | |
| | * | |
| INTERNATIONAL PAPER COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

This is a case of alleged employment discrimination in which plaintiff Mary Bearden, a former employee of defendant International Paper Company ("IP"), asserts claims of sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, pay discrimination in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and defamation of character in violation of state law. By Memorandum and Order entered September 18, 2007 [doc.#88], this Court denied plaintiff's motion for summary judgment on the issue of liability and granted IP's motion for summary judgment. Judgment in favor of IP was entered that same day.[1]

Now before the Court is IP's Bill of Costs [doc.#91] seeking reimbursement in the total amount of $6,943.17 for the following expenses it states were necessarily incurred in the defense

---

[1] In its Memorandum and Order [doc.#88] this Court at times referred to defendant International Paper Company as "IC" when it meant to refer to defendant as "IP." Although its clear enough from the Memorandum and Order, this Court formally affirms for purposes of the record on appeal that all references in the Memorandum and Order to IP and IC refer to defendant International Paper Company.

of this action: $5,133.42 for Court Reporter fees and transcripts; and $1,809.75 for copying costs. The plaintiff has not responded in opposition to IP's Bill of Costs. Having considered the matter, the Court finds that IP's Bill of Costs should be and hereby is approved as submitted.[2]

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

The Court finds that all of the matters for which reimbursement is being sought were necessary to the defense of this action. Additionally, when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494 (8th Cir. 2002) (citations omitted). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Id. See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* — F.3d —, 2007 WL 2457618, at *11 (8th Cir. Aug. 31, 2007) (a prevailing party is presumptively entitled to recover all of its costs and the losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion) (internal quotations and citations omitted). Plaintiff has not met her burden of showing that the award is inequitable under the circumstances or that this Court's actions

---

[2] IP's Bill of Costs has been docketed as a motion [doc.#91] and is hereby granted by this Order.

constitute an abuse of discretion.

IT IS THEREFORE ORDERED that IP be awarded $5,133.42 for Court Reporter fees and transcripts, and $1,809.75 for copying costs, for a total award of $6,943.17.

Dated this 31st day of October 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE